# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GEORGE A. SKIPPER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV411-082 |
| BASF CORP, | ) |
| Defendant.[1] | ) |

## REPORT AND RECOMMENDATION

George A. Skipper seeks to initiate an employment discrimination lawsuit against BASF Corp. (Doc. 1.) He seeks leave to proceed *in forma pauperis* ("IFP"). (*Id.*) The Court will grant leave to proceed IFP if the plaintiff demonstrates that he cannot, because of his poverty, afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335

---

[1] The Clerk mistakenly listed in the docket all people named in the complaint as defendants, while plaintiff actually names BASF Corp as the lone defendant. (Doc. 1 at 5.) Accordingly, the Clerk is **DIRECTED** to remove all defendants other than BASF Corp.

U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible for him to do so without undue hardship. Here, plaintiff is employed but has several dependants, is in substantial debt, and is currently undergoing bankruptcy proceedings. (Doc. 1 at 1-2.) Accordingly, his motion for leave to proceed IFP is **GRANTED**.

But his case, nevertheless, should be dismissed as untimely. An action brought pursuant to Title VII, the Rehabilitation Act, or the Age Discrimination in Employment Act must be filed within 90 days of the receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. §1614.407; *Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991); *see also Brown v. Consol. Freightway*, 152 F.R.D. 656, 658-59 (N.D. Ga. 1993) (recommending dismissal of Title VII complaint when plaintiff filed suit 91 days after receipt of EEOC right-to-sue letter). Plaintiff states that he received her EEOC right-to-sue letter on December 4, 2010. (Doc. 1 at 6.) He executed his Title VII application on April 1, 2011 and filed it that same day, which is 118 days after he received his right-to-sue letter. (Doc. 1.) That letter clearly states that a

lawsuit "**must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.* at 11.) Skipper filed his Title VII application weeks beyond that deadline. (*Id.* at 8.) Therefore, his complaint should be **DISMISSED**.² Additionally, Skipper seeks appointment of counsel. (*Id.* at 1.) His request is **DENIED** as moot, since this case should be dismissed.

**SO REPORTED AND RECOMMENDED** this __18th__ day of April, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

² The ninety-day limitations requirement is not jurisdictional and is subject to equitable tolling and wavier. *See Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling ninety-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and Circuit precedent on this issue). Therefore, courts should generally refrain from dismissing a Title VII action *sua sponte* on the basis of untimeliness. However, where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed in forma pauperis, the court may dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming sua sponte dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of *sua sponte* dismissal based on statute of limitations). Here, Skipper has not shown any grounds for excusing the untimeliness of his action.